# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN J. BANK, ) | |
| ) | |
|       Plaintiff, ) | Case No. 2:13-cv-00934-JCM-CWH |
| ) | |
| vs. ) | **REPORT & RECOMMENDATION** |
| ) | |
| JESSIE WALSH, ) | |
| ) | |
|       Defendant. ) | |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *in Forma Pauperis* (#1), filed May 20, 2013.

**I.**  *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**  **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff is attempting to sue the Honorable Jessie Walsh for acts performed in her official capacity as a judicial officer in a case pending in Nevada state court. The claim against Judge Walsh fails because she is entitled to absolute immunity for actions taken in her official judicial capacity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Giampa v. Duckworth*, 2013 WL 1385649 (D. Nev.) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial actors lose immunity only where they act outside of their jurisdiction or outside of their judge-like functions. *Giampa*, 2013 WL 1385649 *2 (citation omitted). Because Judge Walsh is entitled to absolute immunity for her official acts, the Court further finds that leave to amend is not appropriate. *See Cato*, 70 F.3d at 1106.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of

prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-1) be **dismissed with prejudice**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 29, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**