# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEVEN J. BANK,

        Plaintiff(s),

v.

JESSIE WALSH,

        Defendant(s).

2:13-CV-934 JCM (CWH)

### ORDER

Presently before the court is the report and recommendation of Magistrate Judge Hoffman. (Doc. # 2). *Pro se* plaintiff Steven Bank filed objections. (Doc. # 7). Additionally, plaintiff filed several memoranda with the court. (Docs. ## 5-6 & 8-12).

Also before the court is plaintiff's emergency motion for federal intervention. (Doc. # 13).

Also before the court is plaintiff's emergency motion to compel. (Doc. # 14).

**I.    Background**

Plaintiff filed an application/motion to proceed *in forma pauperis*. The magistrate judge granted the IFP motion and permitted plaintiff to proceed IFP. The magistrate judge ordered that the clerk file the complaint with the court.

The magistrate judge then conducted a screening order of the claims in the complaint pursuant to 28 U.S.C. § 1915(a). The magistrate judge found that plaintiff is attempting to sue a state court judge, the Honorable Jessie Walsh, for acts performed in her official capacity as a judicial

**James C. Mahan**
**U.S. District Judge**

officer in a case currently pending in Nevada state court. (Doc. # 2). The magistrate judge found that Judge Walsh is entitled to absolute immunity for actions taken in her official judicial capacity. (*Id.*). Therefore, the magistrate judge recommends dismissing the complaint with prejudice because amendment would be futile.

**II.     Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

**III.    Discussion**

As an initial matter, the court acknowledges that the complaint was filed *pro se*. Documents filed pro se are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Plaintiff argues that Magistrate Judge Hoffman's recommendation is not based on "due diligence." Plaintiff makes no substantive objections, such as the magistrate judge applied the wrong law, or applied the correct law incorrectly. Rather, plaintiff argues that the magistrate judge's recommendation is wrong because plaintiff disagrees with the decision, and the magistrate judge did not afford plaintiff due process. Plaintiff provides no case support or supporting facts, but makes only conclusory statements.

The court has conducted a de novo review, including plaintiff's many memoranda. Plaintiff's complaint and memoranda seek relief pursuant to 42 U.S.C. § 1983. Plaintiff argues that certain state court judges, primarily Judge Walsh, have made incorrect decisions in a pending state case.

**James C. Mahan**
**U.S. District Judge**

1  Some of plaintiff's contentions even include scheduling decisions, such as the date the court requires
2  certain documents to be due or filed with the court, or Judge Walsh's refusal to meet plaintiff in
3  chambers off the record.

4  "Judges and those performing judge-like functions are absolutely immune from damage
5  liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th
6  Cir. 1986). Further, "Title 42 U.S.C. § 1983 was not intended to abolish the doctrine of judicial
7  immunity." *Id.*

8  Plaintiff filed the lawsuit solely to contest the decisions of a state court judge acting squarely
9  within her role as a judge. Judge Walsh is absolutely immune from any liability for the facts alleged
10  in this lawsuit.

11  Alternatively, plaintiff moves this federal court to intervene into the state court proceedings.
12  However, "wholesale federal intervention into this entirely state [ ] proceeding is inappropriate."
13  *Estes v. Gaston*, 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, *5 (D. Nev. Nov. 16, 2012).

14  **IV.    Emergency Motions**

15  In plaintiff's first "emergency" motion, (doc. # 13), he states that opposing counsel in the
16  state court proceeding has been dishonest with his representations to the state court in that
17  proceeding. Plaintiff further argues that Judge Walsh has failed to notice counsel's dishonest
18  representations.

19  For relief, plaintiff states that "[i]t is with hope for a just future that Plaintiff prays for Federal
20  intervention in this urgent matter (referring to the state court proceeding)." (Doc. # 13). Again, this
21  court finds that wholesale federal intervention into this entirely state court proceeding is
22  inappropriate. *See Estes*, 2012 WL 5839490, at *5.

23  In plaintiff's second "emergency" motion, (doc. # 14), he states that Judge Walsh violated
24  his constitutional rights by not conducting a hearing and allowing him the opportunity for oral
25  argument. For relief, plaintiff moves this court to "issue an injunction compelling the state's court
26  to grant to [plaintiff] the relief requested in his pleadings . . . ." (Doc. # 14). The court finds
27  wholesale intervention to be inappropriate.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   Accordingly,

2   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge
3   Hoffman's report and recommendation (doc. # 2) be, and the same hereby, is ADOPTED in its
4   entirety.

5   IT IS FURTHER ORDERED that plaintiff's emergency motion (doc. # 13) be, and the same
6   hereby, is DENIED.

7   IT IS FURTHER ORDERED that plaintiff's emergency motion (doc. # 14) be, and the same
8   hereby, is DENIED.

9   IT IS FURTHER ORDERED that plaintiff's complaint be dismissed with prejudice.  The
10  clerk of the court is ordered to close the case.

11  DATED July 10, 2013.

_____
UNITED STATES DISTRICT JUDGE